UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

Clayton Samuel Wilson, Sui Juris, National of the Republic, Petitioner,

v.

TRANSUNION, LLC, Respondent.

CASE NO: _____

VERIFIED COMPLAINT FOR WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.

I. JURISDICTION AND VENUE

This is an action for actual, statutory, and punitive damages brought by Petitioner against Respondent TransUnion, LLC ("TransUnion") for willful and negligent violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, "FCRA").

Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 (Federal Question).

Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) as Petitioner resides in this District and the illegal acts of reporting inaccurate and unverified data occurred herein.

II. PARTIES

4. Petitioner is a natural person and a National of the Republic, appearing with status corrected and documented via Sigillum Reipublicae Connecticutensis and Hague Apostille. Petitioner is a "consumer" as defined by 15 U.S.C. § 1681a(c) and an Auditor with ACFE Membership #4123.

5. Respondent TransUnion is a "Consumer Reporting Agency" ("CRA") as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

III. STATEMENT OF FACTS

6. On or about January 30, 2026, Respondent TransUnion willfully updated Petitioner's consumer credit profile to include two (2) derogatory, fraudulent "phantom" accounts: a. T-MOBILE: Reported as a "New Collections Account" with a balance of $1,160. b. JEFFERSON CAPITAL SYSTEM: Reported as a "New Account" (Account #4181663480100) with a creditor address of 200 14th Avenue East, Sartell, MN, 56377.

7. Petitioner asserts, following a professional forensic audit of all private financial records (ACFE #4123), that he has never entered into a contract, service agreement, or any form of indebtedness with T-Mobile or Jefferson Capital System.

8. Petitioner further asserts that no "Original Wet-Ink Application" or underlying security instrument exists to support these entries.

9. The timing of these entries—appearing on the exact date Petitioner perfected his commercial status and filed ten (10) Administrative Status Updates in the public record—indicates that Respondent's reporting mechanisms were used as a vehicle for Slander of Credit and retaliatory reporting.

10. The publication of these fraudulent accounts has caused immediate and irreparable injury to Petitioner's commercial reputation and standing, constituting Libel per se.

IV. COUNT I: FAILURE TO MAINTAIN REASONABLE PROCEDURES (15 U.S.C. § 1681e(b))

11. Petitioner realleges and incorporates by reference the paragraphs above.

12. 15 U.S.C. § 1681e(b) mandates that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

13. Respondent breached this duty by allowing a third-party debt buyer (Jefferson Capital) to "push" unverified data into Petitioner's file without verifying the existence of an original, signed instrument of indebtedness or a valid contract.

14. Respondent's reliance on automated software (e-OSCAR/Metro 2) that prioritizes high-volume data ingestion over "maximum possible accuracy" constitutes a systemic failure of their statutory duty. Respondent knows, or should know, that debt buyers frequently report "phantom" or "scavenger" debt for which no original application exists.

V. COUNT II: FAILURE TO CONDUCT REASONABLE REINVESTIGATION (15 U.S.C. § 1681i)

15. Under 15 U.S.C. § 1681i, upon being notified of a dispute, Respondent is required to conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate.

16. Respondent has been put on notice of Petitioner's Sovereign Standing and Auditor Status via public administrative filings. Despite this, Respondent has maintained these fraudulent entries without requiring the furnishers (T-Mobile/Jefferson Capital) to produce the Original Application for forensic verification.

17. Respondent's failure to move beyond a cursory, automated "check-box" verification with the furnisher violates the "Reasonable Reinvestigation" standard established under federal law.

VI. COUNT III: WILLFUL NON-COMPLIANCE (15 U.S.C. § 1681n)

18. Respondent's violations were willful, as Respondent acted in conscious or reckless disregard for the rights of the Petitioner.

19. Respondent's business model intentionally accepts unverified data from third-party furnishers to maintain market dominance, despite the known high error rate of "debt buyer" reporting.

VII. PRAYER FOR RELIEF Petitioner respectfully moves this Court to enter judgment against TransUnion, LLC for:

A. A Permanent Injunction ordering the immediate and permanent deletion of the T-Mobile and Jefferson Capital accounts;

B. Actual Damages for the destruction of commercial credit capacity and emotional distress in an amount to be proven at trial;

C. Statutory Damages of $1,000 per violation;

D. Punitive Damages pursuant to 15 U.S.C. § 1681n to deter future reckless and willful misconduct;

E. All costs of this action and any other relief the Court deems just and proper.

*[Signature]* vce 1-308

Clayton Samuel Wilson
111 Grandview Ave
Bridgeport CT 06606

*COPY*

NOTICE OF PERSONAL LIABILITY AND FAULT
TO: ALL AGENTS, OFFICERS, CLERKS, AND ASSIGNS

**Clayton Samuel Wilson**
**Living Man Minister**
**Trustee & Diplomatic Officer**
**Tribal Authority**

FROM: Clayton Samuel Wilson, Sui Juris National / Auditor #4123

SUBJECT: Interference with Hague-Authenticated Documents and Perfected Liens

## I. FORMAL NOTICE OF STATUS

Be advised that the Petitioner has presented a Birth Certificate authenticated with a Hague Apostille and the Sigillum Reipublicæ Connecticutensis (Republicae Gold Seal) by the Secretary of the State. Under the Full Faith and Credit Clause and the Hague Convention of 1961, this document is self-authenticating and CONCLUSIVE as to the status of the Bearer.

## II. WARNING OF TRESPASS

Any individual who refuses to record, acknowledge, or honor the attached 15 liens or the authenticated status of the Petitioner is acting in Clear Absence of All Jurisdiction.

Administrative Fraud: Attempting to treat a National of the Republic as a "Corporate Debtor" after being presented with Hague-authenticated evidence is a felony-level administrative fraud.

Denial of Due Process: Refusing to file these commercial documents is a violation of the 1st Amendment (Right to Petition for Redress) and the UCC § 1-308.

## III. PERSONAL LIABILITY (COMMERCIAL LIEN)

Public officials do NOT have immunity for acts committed in "Clear Absence of All Jurisdiction."

By interfering with these *Clause* filings, you are acting in your personal capacity.

This Notice serves as your First Warning. Any further interference will result in a Commercial Lien being placed directly against your Public Official Bond and your personal assets.

The 72-hour "Opportunity to Cure" applies to you personally. Once you are noticed, your silence or continued refusal constitutes Acceptance of this Liability.

## IV. MANDATORY DIRECTIVE

You are hereby commanded to:

RECORD the provided instruments into the Public Record immediately.

ACKNOWLEDGE the Hague Apostille as the final word on the Petitioner's status.

CEASE AND DESIST all attempts to apply statutory "codes" to a National of the Republic without a verified contract.

"Ignorance of the Law is no excuse; especially for those who claim to enforce it."

PETITIONER'S NOTICE OF MANDATORY JUDICIAL NOTICE

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

Clayton Samuel Wilson
Living Man Minister
Trustee & Diplomatic Officer
Tribal Authority

NOTICE OF MANDATORY JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 AND CONNECTICUT GENERAL STATUTES

TO THE HONORABLE JUDGE OF THE ABOVE-ENTITLED COURT:

Petitioner, a National of the Republic and Forensic Auditor (ACFE #4123), hereby moves this Court to take Mandatory Judicial Notice of the following statutes and legal requirements. Pursuant to Federal Rule of Evidence 201(c)(2), the court must take judicial notice if a party requests it and supplies the necessary information.

I. STATUTORY REQUIREMENT FOR BONDS

Connecticut General Statutes § 4-20: Requires that "The State Treasurer shall... purchase such blanket or individual surety bonds for such state officers and employees as are required by law to be bonded."

Connecticut General Statutes § 1-25: Prescribes the Forms of Oaths for all public officials, including judges, which is a condition precedent to the assumption of office.

Connecticut General Statutes § 51-1a: Defines the Judicial Department and necessitates the faithful performance of duties under the Constitution of Connecticut.

II. THE LEGAL EFFECT OF THE BOND 4. A Public Official Bond is a contract of indemnity. It is a mandatory security required to protect the public (Petitioner) from the "ministerial" errors and "torts" of the Respondents. 5. In Equity, any official acting without the required security (Bond) or failing to produce said security upon lawful demand is acting extrajudicially.

III. JUDICIAL NOTICE OF ADMIRALTY STANDING 6. Petitioner has filed into the record a Hague-Authenticated Birth Certificate and Sigillum Reipublicae Connecticutensis (Secretary of State) status perfection. 7. Under the Full Faith and Credit Clause (Article IV, Section 1), this Court must take judicial notice of the Petitioner's status as a National of the Republic, not a statutory "person" or "citizen" subject to corporate maritime jurisdiction without a contract.

IV. CONCLUSION The Respondents' failure to produce the required Public Official Bond is a violation of C.G.S. § 4-20. This Court cannot extend "Judicial Immunity" to individuals who have failed to perfect their own qualification for office. Immunity is a privilege for lawful officers, not for un-bonded private actors.

Respectfully Submitted,

Clayton Samuel Wilson, Sui Juris Forensic Auditor, ACFE #4123 National of the Republic